UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:22-cv-06215-DMG-SHK | Date: | December 6, 2022 |
|---|---|---|---|
| Title: | *Iran Lamont Johnson v. Jim Robertson, Warden* | | |

| Present: | The Honorable Shashi H. Kewalramani, United States Magistrate Judge |
|---|---|

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order to Show Cause Why This Action Should Not be Dismissed as Untimely**

## I.   INTRODUCTION

On July 30, 2022, Petitioner constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), under 28 U.S.C. § 2254, challenging his 1997 conviction for robbery, torture, and firearm use. Electronic Case Filing Number ("ECF No.") 1, Petition at 2. The Petition raises five claims for relief: (1) Trial counsel was ineffective for failing to thoroughly investigate the case; (2) Trial counsel was ineffective during closing argument; (3) Petitioner is innocent of torture; (4) The state court violated his due process rights by denying his request for transcripts; and (5) The government violated his constitutional rights by suppressing exculpatory and impeaching evidence. Id., Petition at 12-40. Petitioner also attached copies of several of his state court filings in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court. Id., Petition, Exh. A.

District courts have a pre-service duty to screen and summarily dismiss habeas petitions that plainly show the petitioner is not entitled to habeas relief due to procedural or other defects. See Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; Mayle v. Felix, 545 U.S. 644, 654 (2005) (holding that Habeas Rule 4 requires district court to summarily dismiss a § 2254 petition without ordering a

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

responsive pleading if it plainly appears from the petition and any attached exhibits the petitioner is not entitled to relief).

Based on a review of the Petition and the attached state court filings, it appears that the Petition is untimely because it was filed well after the one-year deadline under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court ORDERS Petitioner to **SHOW CAUSE** why the Petition should not be dismissed because it is untimely. Petitioner's response is required by **December 27, 2022**.

## II.     DISCUSSION: TIMELINESS

Because the Petition was filed after April 24, 1996, AEDPA's effective date, it is subject to AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

### A. Unless A Basis For Tolling The Statute Existed, Petitioner's Last Day To File His Federal Habeas Petition Was July 25, 1999.

According to Petitioner, he was convicted in June 1997 and sentenced the following month. ECF No. 1, Petition at 2. He then filed an appeal in the California Court of Appeal, which was denied June 15, 1998. Id., Petition at 3 & Exh. E. Petitioner indicates he did not seek review in the California Supreme Court. Id., Petition at 3. Thus, his conviction became final 40 days later, on July 25, 1998. See Gonzalez v. Thaler, 565 U.S. 134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); Cal. R. Ct. 8.264(b)(1), 8.500(e)(1) (providing that a California Court of Appeal decision becomes final "in that court" 30 days after it is issued and requiring that any petition for review with the California Supreme Court be filed within 10 additional days). Therefore, AEDPA's one-year statute of

limitations began to run the following day and, absent an alternate start date or justifiable tolling, expired one year later, on July 25, 1999.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The instant Petition was not filed until July 30, 2022, 23 years too late.

Petitioner does not contend that he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(B) or (C), and the Court has no information to find that either would apply.

The Court notes, however, that several of Petitioner's claims in the Petition are predicated on an alleged recantation by the victim regarding his identification of Petitioner as one of the assailants in a photographic lineup.  See ECF No. 1, Petition at 26-28, 36-37.  Under § 2244(d)(1)(D), "[i]f the petition alleges newly discovered evidence, . . . the filing deadline is one year from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  McQuiggin v. Perkins, 569 U.S. 383, 388-89 (2013) (internal quotation marks omitted).  Assuming the victim's recantation constituted "new evidence," the statute of limitations on these claims arguably did not start until Petitioner learned of the recantation.  See Daniels v. Uchtman, 421 F.3d 490, 492 (7th Cir. 2005) (finding that the factual predicate of inmate's due process claim occurred when witness executed affidavit recanting his trial testimony, and statute of limitations accrued on that date under § 2244(d)(1)(D)); Shabazz v. Filion, 402 F. App'x 629, 631 (2d Cir. 2010) (holding date of witness's recantation "provides the requisite basis" for habeas claim and "properly controls calculation of the one-year limitations period under § 2244(d)(1)(D)"); McDermott v. Soto, No. CV 16-1888-GW (AGR), 2018 WL 4501170, at *7 (C.D. Cal. Jan. 5, 2018), report and recommendation adopted, No. CV 16-1888-GW (AGR), 2018 WL 4471096 (C.D. Cal. Sept. 17, 2018) ("The factual predicate for Petitioner's actual innocence claim . . . is [the witness's] 2008 recantation which, based on the record before the court, [p]etitioner discovered when he first learned of the recantation in 2014.").

Here, Petitioner indicates that the victim first signed an affidavit "recanting his photographic 'identification' of Petitioner as his torturer" in 2008.  ECF No. 1, Petition at 10-11 & Exh. D.  Thus, even were this "new evidence" sufficient to trigger a later start date under § 2244(d)(1)(D), the statute of limitations would have expired one year later in 2009.  Because Petitioner did not constructively file his Petition until July 30, 2022, it was still 12 years too late.

Accordingly, absent tolling, the Petition appears to be untimely.  The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009).

### B. **Petitioner Does Not Appear Entitled To Statutory Tolling.**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  Section 2244(d), however, does not "permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, Petitioner has attached numerous habeas petitions that he filed in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court. ECF No. 1, Petition at 43-50 & Part 2 at 1-6. The earliest of these filings, however, was in May 2014, long after the statute of limitations had ended. As such, none of these state court filings had any tolling effect. See Ferguson, 321 F.3d at 823; Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, it does not appear Petitioner is entitled to statutory tolling.

### C. Petitioner Does Not Appear Entitled To Equitable Tolling

Equitable tolling can also extend the one-year AEDPA deadline to file a federal habeas petition. See Holland v. Florida, 560 U.S. 631, 634 (2010) (holding "that the timeliness provision in the federal habeas corpus statute is subject to equitable tolling"). To qualify for this type of tolling, Petitioner must show two things: "(1) [T]hat [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418; see also Holland, 560 U.S. at 649 (applying Pace standard). Additionally, "the prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Claims of equitable tolling are construed narrowly by the courts, and "[t]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted).

In his Petition, there is no indication that Petitioner is entitled to equitable tolling, but the Court gives Petitioner an opportunity to provide any information in this regard before making a final decision the timeliness of the Petition.

### III.  ORDER

Petitioner is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for being untimely by filing a written response **no later than December 27, 2022.**

**The Court warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.** See Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**